***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and the named employer.
3. The carrier liable on risk is State Automobile Insurance Company.
4. The plaintiff's average weekly wage on February 28, 2000 was $225.71.
5. The plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on February 28, 2000, when she was bitten in the face by a chow dog.
6. The parties stipulated into evidence as Stipulated Exhibit #1, the Pre-Trial Agreement, with the following attachments:
a.) Industrial Commission Forms
I.C. Form 33, dated July 27, 2001
I.C. Form 33R, dated September 13, 2001
 b.) March 8, 2001 Opinion Award, by Deputy Commissioner Wanda Blanche Taylor
 c.) Medical notes of Dr. Steven Siciliano dates August 7, 2000 thru May 21, 2001
 ***********
Based upon all the competent evidence in the record, the undersigned makes the following
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a 41 year old female. A prior Opinion Award was filed in this matter on March 8, 2001, by Deputy Commissioner Wanda Blanche Taylor. This Opinion Award, determined, among other things, that plaintiff was entitled to the payment of temporary total compensation until the time that she returned to work for another employer.
2. On August 23, 2000, plaintiff had cosmetic surgery performed on her by Dr. Steven Siciliano, plastic surgeon, to correct misalignment of the vermillion border of plaintiff's upper lip. On May 21, 2001, Dr. Siciliano determined that plaintiff was at maximum medical improvement.
3. As a direct and proximate result of plaintiff's February 28, 2000 compensable injury, she has a permanent facial scar on the right side of her upper lip. This scar extends from the top of the upper lip to the bottom of the right nostril. It is three-quarters of an inch long and one-sixteenth of an inch wide. It is slightly depressed and extends in a jagged, rather than a straight, line to the nostril. It is not discolored, but rather is similar in color to the surrounding skin. The scar causes the right upper lip to appear somewhat, however slightly, raised as compared to the left side. The scar is visible, albeit only slightly, from a distance of six feet or less.
4. In Dr. Siciliano's opinion, plaintiff's philtrum, the area of the upper lip directly in the middle of the nose that extends down to the bottom of the upper lip, and the location of plaintiff's scar which runs parallel to her philtrum, creates an appearance of distortion and makes it look wider. In Dr. Siciliano's opinion the normal width of the philtrum would be four to five millimeters, and with plaintiff's scar it now appears to be approximately eight or nine millimeters. In Dr. Siciliano's opinion this condition would not improve over time.
5. Plaintiff had no scars on the area of her upper lip prior to February 28, 2000, when she was bitten by the chow dog at work. Plaintiff now believes that her mouth looks off-centered. She gets comments from other people about her scar, and comments to her about how it happened. These comments, and plaintiff's own feelings about her appearance causes her embarrassment.
6. Plaintiff experiences at times some numbness in the area of her scar. In addition, plaintiff experiences at times some sensations of pain or discomfort in the area of her scar. Specifically, plaintiff gave as an example of this pain or discomfort, when her boyfriend kissed her in a certain way, she would experience again the same feelings as when the dog bit her.
7. Dr. Siciliano's medical notes do not reflect that plaintiff ever mentioned to him plaintiff's concerns of numbness, nor did Dr. Siciliano have any specific recollection that plaintiff had ever discussed with him any areas of numbness that she had.
8. Following plaintiff's compensable injury of February 28, 2000, plaintiff returned to work for another employer on July 4, 2000. Subsequently, plaintiff has worked for several other employers, ultimately leaving each employment for reasons unrelated to her injury.
9. As a direct and proximate consequence of plaintiff's February 28, 2000 compensable injury, plaintiff has sustained serious and permanent facial disfigurement which mars her appearance to such an extent that it may reasonably be presumed to lessen her future opportunities for remunerative employment and so reduce her future earning capacity. The fair and equitable amount of compensation for this loss under the Workers' Compensation Act is $1,450.00.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. As a result of the injury by accident giving rise to this claim, plaintiff has sustained permanent facial disfigurement for which she is entitled to compensation in the amount of $1,450.00. N.C.G.S. §97-31(21).
2. Plaintiff is entitled to have defendants pay all medical compensation arising from this injury by accident. N.C.G.S. §§ 97-2(19) 97-25.
 ***********
Based upon the foregoing findings of Fact and conclusions of law, the undersigned enters the following
 AWARD
1. Defendants shall pay compensation to plaintiff in the amount of $1,450.00 for her facial disfigurement. This amount shall be paid in a lump sum, subject to the attorney's fee approved in paragraph #2.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff under paragraph #1 of this award is approved for plaintiff's counsel and shall be paid directly to plaintiff's counsel.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
4. Defendants shall pay the costs.
This the 13th day of May 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER